Enrique **ESCOBAR**, Plaintiff,

v.

**SPARTAN SECURITY SERVICE,**
**Defendant.**

**No. CIV.A.02–2685.**

United States District Court,
S.D. Texas,
Houston Division.

July 30, 2003.

Bruce A Coane, Coane & Associates, Houston, TX, for Enrique Escobar.

Ronald H Tonkin, Attorney at Law, Houston, TX, for Spartan Security Service Patrol Corporation, Mario Fernandez.

### *MEMORANDUM AND ORDER*

STACY, United States Magistrate Judge.

Pending is Defendant's Motion for Summary Judgment (Document No. 15), in which Defendant argues that it is entitled to summary judgment on Plaintiff's Title VII claims because Plaintiff, at the time he was employed by Defendant, was an undocumented worker, who is not entitled to the protections of Title VII. In addition, Defendant argues that upon the dismissal of Plaintiff's Title VII claims, Plaintiff's pendent state law claims should, in the exercise of the Court's discretion, also be dismissed. In response to Defendant's Motion, Plaintiff concedes that he is not, given the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. National Labor Relations Board*, 535 U.S. 137, 122 S.Ct. 1275, 152 L.Ed.2d 271 (2002), entitled to some of the remedies afforded by Title VII, most particularly

back pay. Plaintiff also argues, however, that given the fact that he acquired authorization to work in the United States in April 2002, prior to this action being filed, he is not precluded from all other remedies available under Title VII, including reinstatement and, possibly, front pay. Having considered Defendant's motion, Plaintiff's Response (Document No. 16), the uncontroverted proof submitted by Plaintiff that he obtained authorization to work in the United States in April 2002, the additional briefing of the parties, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's *Motion for Summary Judgment* (Document No. 15) is GRANTED IN PART, and Plaintiff's claim for back pay in connection with his claims under Title VII is DISMISSED.

Plaintiff Enrique Escobar was employed by Defendant Spartan Security Service as a security officer from January to July 2001. Escobar claims that during his employment he was sexually harassed and propositioned by Spartan's President, Mario Fernandez. Escobar claims that when he rebuffed Fernandez' advances, his working hours decreased, he was reassigned, and was eventually terminated. Escobar filed a timely charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and received a right to sue letter on April 17, 2002. Escobar then timely filed this suit against Spartan, in which he alleges the following claims: (1) sexual harassment and sex discrimination under Title VII; (2) retaliation under Title VII; (3) common law assault; (4) intentional infliction of emotional distress; and (5) common law negligence.

Spartan, in its Motion for Summary Judgment, argues, in reliance on *Hoffman* and *Egbuna v. Time–Life Libraries, Inc.*, 153 F.3d 184 (4th Cir.1998), that Escobar

is entitled to no relief in this proceeding under Title VII because Escobar was not a documented worker at the time he was employed by Spartan. Although both cases, if viewed quite broadly, would limit an undocumented worker's remedies under Title VII, as well as other comparable federal labor statutes, in this case it is uncontroverted that Escobar is now a documented worker, authorized to work in the United States. Therefore, the rationale for extending both *Hoffman* and *Egbuna* to foreclose all the remedies claimed by Escobar is not applicable in this case. In *Hoffman*, the Supreme Court held that a the National Labor Relations Board could not award backpay to an undocumented worker because such an award would represent wages that an undocumented worker could not legally have earned. *Hoffman*, 535 U.S. 137, 122 S.Ct. 1275, 1283. *Hoffman*, however, did not specifically foreclose all remedies for undocumented workers under either the National Labor Relations Act or other comparable federal labor statutes, and did not, as is relevant to this case, foreclose remedies for workers who have subsequently attained legal work status in the United States. As for *Egbuna*, the Fourth Circuit in that case determined that Egbuna's former employer had not violated Title VII as matter of law when it failed to rehire him because Egbuna, at the time he applied to be re-hired, was not a documented worker, and therefore was not qualified for the position he sought. *Egbuna*, 153 F.3d at 186 ("Egbuna was unqualified for the position he sought by virtue of his failure to possess legal documentation authorizing him (an alien) to work in the United States"). In this case, Escobar has alleged a claim for sexual harassment and retaliation. Neither claim is dependent upon proof that Escobar was qualified for the position he held when he was allegedly sexually harassed and retaliated against. Thus, as conceded by Escobar, *Hoffman* only compels the conclusion that Escobar is not entitled to back pay on his claims under Title VII, such a remedy being foreclosed by the fact that he was an undocumented worker at the time he was employed by Spartan. Thus, Escobar's claims for backpay under Title VII will be dismissed.

■ As for the other remedies available under Title VII, including reinstatement and front pay, there is no authority cited by Spartan which directly addresses the availability of such remedies for an individual who was an undocumented worker at the time he was employed by the defendant, but who, following his termination, obtained legal work status in the United States. The fact that Escobar is now a documented worker certainly means that he is not ineligible for re-employment, as was the case in *Egbuna*. Whether Escobar would be eligible for either reinstatement or front pay, in the event he prevails on the merits of his claims under Title VII, is an issue which does not appear to have been considered by any court, and is not an issue upon which Spartan has focused any argument. Thus, neither those such remedies, nor Escobar's claims under Title VII are subject to summary judgment.

Based on the foregoing, and the conclusion that only Escobar's claim to backpay under Title VII is foreclosed as a matter of law, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 15) is GRANTED IN PART, and Plaintiff's claim for back pay in connection with his claims under Title VII is DISMISSED. It is further

ORDERED that the parties shall advise the Court, in a Joint Status Report to be filed within fifteen days after the entry of this Order, whether the parties would be amenable to mediating this case, and if so, whether a new Scheduling Order should be entered which will allow the parties to

mediate this case prior to having to prepare for trial, which is currently scheduled for September 22, 2003.